**SUPERIOR POCAHONTAS COAL COMPANY, INC., Plaintiff,**

v.

**ISLAND CREEK COAL COMPANY and Enoxy Coal, Inc., Defendants.**

Civ. A. No. 3:86–0798.

United States District Court, S.D. West Virginia, Huntington Division.

March 16, 1987.

---

J. Timothy Poore, James M. Robinson, Huntington, W.Va., for plaintiff.

Michael J. Farrell, Barry M. Taylor, Jenkins, Fenstermaker, Krieger, Kayes & Farrell, Huntington, W.Va., for defendants.

## ORDER

HADEN, Chief Judge.

Pending in this action are several motions. The Defendant, Island Creek Coal Company (Island Creek), has moved to dismiss. Its co-Defendant, Enoxy Coal, Inc. (Enoxy), has moved for judgment on the pleadings. The Plaintiff, Superior Pocahontas Coal Company, has moved for default judgment and to remand this action to the Circuit Court of Mingo County, West Virginia, from whence it came. Deeming the matter to be a threshold issue, the Court turns first to the Plaintiff's motion for default judgment.

■ The Plaintiff moved for default judgment against the Defendant Island Creek when the latter failed to answer within the time established by the rules. Admittedly, Island Creek did not timely answer the complaint. It did, however, move for an extension of time in which to answer. Before the Court could act upon that motion, Island Creek filed its motion to dismiss. In light of the merits of that motion, the Court deems the delay by Island Creek in defending the Plaintiff's complaint to be de minimis. It would not be in the interest of justice to enter default at this stage of the litigation. Accordingly, the Plaintiff's motion for default judgment is denied.

Plaintiff moves to remand this action to state court on the basis that there is not complete diversity of citizenship between the parties. It argues that the Defendant Enoxy has its headquarters in Huntington, West Virginia. With the Plaintiff being a West Virginia corporation, it argues, there is not complete diversity between Enoxy and the Plaintiff. Enoxy retorts that despite the location of its headquarters, its principal place of business is outside of West Virginia. On the present record the Court tends to agree with Enoxy; nevertheless, the Court does not decide whether Enoxy's citizenship is diverse from the Plaintiff's. Such is not necessary for disposition of the motion.

■ The Plaintiff does not address the alternative ground for removal stated in the Defendant's petition: the existence of a "federal question" in the Plaintiff's complaint. The Defendants argue in their briefs opposing the Plaintiff's motion to remand that the Plaintiff's complaint raises issues covered by federal law. The Court finds the Defendants' arguments to be well taken. Although the Plaintiff attempts to paint its cause of action as being a simple contract action governed by state law, it cannot escape the reality that its action raises genuine federal issues. Most significantly, adjudication of the Plaintiff's claim will require a determination of the meaning of the terms of a collective bargaining agreement. Such determinations are governed by federal law. *See e.g., Allis-Chambers Corp. v. Lueck,* 471 U.S. 202, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985). In that the Plaintiff's claim "arises under" federal law, it may be removed "without regard to the citizenship or residence of the parties." 28 U.S.C. § 1441(b). Hence, the Plaintiff's motion to remand is denied.

The Defendants' motions to dismiss and for judgment on the pleadings are similarly grounded. Accordingly, the Court will address them together.

The Plaintiff has brought this action seeking reimbursement for some $480,000 in withdrawal liability payments it was forced to make to the United Mine Workers 1950 and 1974 Pension Plans. The Plaintiff bases its claim against the Defendants on a provision in its 1981 contract with Island Creek.* The contract provides in pertinent part as follows:

---

* The contract between the Plaintiff and Island Creek was a contract mining agreement. Under the terms of that agreement, the Plaintiff mined coal owned by Island Creek. Enoxy became a

"Island Creek covenants and agrees that it will make all payments required to be made to the UMWA Trust as provided under said 1978 National Bituminous Coal Wage Agreement for the work performed hereunder."

The Defendants' defense to the suit is straightforward. They argue that the withdrawal liability incurred by the Plaintiff was separate and independent of the payments required to be made by the Defendants under the terms of the 1981 agreement. The withdrawal liability, argue the Defendants, was imposed upon the Plaintiff by the Multi-employer Pension Plan Amendments Act (MPPA). 29 U.S.C. § 1381. On the other hand, contend the Defendants, the contract with the Plaintiff obligated the Defendants to only make the payments required by the 1978 National Bituminous Coal Wage Agreement. The latter agreement makes no provision for withdrawal liability payments.

 The Defendants' position is amply supported by the case law. Indeed there are four cases interpreting language identical to that in dispute here. In each case the court found that the party who had contracted to contribute to a plan was not, by that contract, also obligated to pay withdrawal liability. *Connors v. B & W Coal Co.*, 7 EBC 2593 (D.D.C.1986); *Connors v. S & T Coal Corp.*, No. 86–0055 (D.D.C., July 8, 1986) (unpublished); *Combs v. P & M Coal Co.*, No. 84–550 (D.D.C., July 16, 1984) (unpublished); *Debreceni v. Healthco-D.G. Stoughton Co.*, 597 F.Supp. 296 (D.Mass.1984). Without further amplification, the Court notes that the authority is consistent and well reasoned.

 In the face of this overwhelming authority, the Plaintiff offers equitable arguments. The Plaintiff contends that it was unaware of the 1981 Act and that the Defendant Island Creek used its superior bargaining position to force an adhesion contract upon the Plaintiff. The Court rejects these arguments as being without foundation. First, the Plaintiff is charged

successor to that agreement when it purchased from Island Creek the coal property subject to

with knowledge of the law. *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 68 S.Ct. 1, 92 L.Ed. 10 (1947). It cannot foist its statutory liability onto another simply because it was unaware of the law. Second, while arguing that the contract in question is unconscionable, the Plaintiff would have the Court achieve an unconscionable result: imposition of the Plaintiff's statutory liability on another. As the Defendants point out, this is not a situation whereby a stronger party forces the weaker party to accept the former's responsibility. The liability is and has been that of the Plaintiff. Absent *express* contract language, the Court cannot shift that liability to the Defendants.

Accordingly, the Court will enter an order dismissing this action with prejudice as to the Defendant Island Creek and awarding judgment on the pleadings as to Defendant Enoxy.